IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WANDA FLORES-FEBUS, *et als.*,

**Plaintiffs**,

v.

MVM, INC.; *et al.*,

**Defendants**.

CIVIL NO. 13-1391 (FAB)

**MEMORANDUM & ORDER**

Before the Court are plaintiffs' motion for order limiting the scope of a mental examination of plaintiff requested by the defendant (Docket No. 20), and defendant MVM, Inc. ("MVM")'s opposition (Docket No. 21). After considering the parties' arguments, the Court now **DENIES** plaintiffs' motion. The Court deems defendant's response as a motion for an independent medical examination ("IME") pursuant to Federal Rule of Civil Procedure 35(a) ("Rule 35"). (See Docket No. 21 at p. 3.) For the reasons articulated below, the Court **GRANTS** defendant's motion as to plaintiff Wanda Flores-Febus, but **DENIES** the motion as to plaintiff Antonio Polo. Plaintiff Flores is **ORDERED** to comply with the IME as scheduled by defendant.

I.  Discussion

   A.  Plaintiffs' Protective Order

      Though plaintiffs do not indicate under what authority they move to limit the scope of their mental examinations, the

Civil No. 13-1391 (FAB)                                                    2

Court reads their motion as one for a protective order pursuant to Federal Rule of Civil Procedure 26(c) ("Rule 26"). Rule 26 requires that a motion for a protective order include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and permits the Court to issue a protective order for good cause. Fed. R. Civ. P. 26(c). Because plaintiffs include no good faith certification, the Court is unable to consider their motion.

Additionally, plaintiffs fail to establish that good cause exists for the issuance of a protective order. "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) (internal citations omitted). While plaintiffs object to the over-breadth of some of the tests sought by defendant, they do not articulate any non-conclusory reasons why the tests pose potential harm to them. Plaintiffs thus fail to comply with Rule 26's good faith and good cause requirements. Their motion for a protective order is accordingly **DENIED**.

   B.   **Defendant's Rule 35 Motion**

"The court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified

Civil No. 13-1391 (FAB)                                                3

examiner." Fed. R. Civ. P. 35(a).  The Court will order an independent medical examination ("IME") only on proper notice, and where the moving party has established that good cause exists to order the discovery.  Id.  Plaintiffs raise concerns regarding the extent and methodology of the tests proposed, and challenge four of the thirteen tests on Daubert[1] grounds.  Because no expert reports have been issued, plaintiffs' Daubert objections are premature at this stage.  The Court does address, however, the parties' disputes over the "in controversy" and "good cause" components of defendant's Rule 35 motion.[2]

### 1. Plaintiff Flores has placed her mental condition in controversy, but plaintiff Polo has not.

The complaint raises multiple claims against defendant, including claims pursuant to Puerto Rico's gender-based Employment Discrimination Act, the Working Mother's Protection Act, the Retaliation Act, as well as Puerto Rico's general tort statute, articles 1802-1803 of the Civil Code.  Laws of P.R. Ann. tit. 31, §§ 5141, 5142.  (Docket No. 7-1 at p. 1.)  Plaintiffs allege that as a result of defendant's actions, plaintiff Flores "has suffered and continues to suffer serious physical and emotional injury," including "depression, nervousness, insomnia, anxiety, anguish, sadness, crying, loss of appetite, weight loss, arguments at home,

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

[2] The parties do not dispute that defendants have complied with Rule 35(a)(2)'s notification requirements.

Civil No. 13-1391 (FAB)                                                    4

loss of self-esteem, very frequent headaches, loss of energy, fear of loss of her job, pessimism and difficulties in concentration." (Docket No. 7-1 at ¶ 13.)  Plaintiffs contend that as a result of witnessing the "physical and emotional condition of his companion [Flores]," plaintiff Polo suffered "injury and mental anguish," and "great financial harm."  Id. at ¶ 16.

The first page of plaintiffs' motion states:  "Thus, we concede that [plaintiffs] have put their mental condition in issue and to discover evidence in relation to it is fair game." (Docket No. 20 at ¶ 2.)  Later in the motion, however, plaintiffs cite cases for the proposition that mere garden-variety allegations of emotional distress do not suffice to place a plaintiff's mental condition in controversy for Rule 35 purposes.

A review of the cases cited by plaintiffs, as well as others, suggests that federal courts will order IMEs pursuant to Rule 35 in cases that involve, in addition to a claim of emotional distress, one or more of the following factors:  (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert witness testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is "in controversy." Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995)

Civil No. 13-1391 (FAB)                                                 5

(compiling cases).  See also Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.")

Here, defendant makes a specific showing that plaintiff Flores has placed her mental condition in controversy. In addition to bringing a generalized claim for emotional distress caused by defendant's discriminatory conduct, she also (1) brings a cause of action pursuant to Puerto Rico's negligence statute (Docket No. 7-1 at p. 1); (2) included allegations of a plethora of specific mental injuries, id. at ¶ 13; and (3) conceded that her mental condition was in controversy (Docket No. 20 at ¶ 2). For these reasons, the Court finds that Flores has placed her mental condition in controversy. Defendant's motion for an IME is **GRANTED** as to plaintiff Flores.

Defendant does not make a sufficient showing, however, that plaintiff Polo has placed his mental condition in controversy. Polo's allegations of emotional distress are much more generalized and do not enumerate particular mental injuries. See, e.g., Bridges v. Eastman Kodak Co., 850 F. Supp. 216 (S.D.N.Y. 1994); Sabre v. United Bhd. of Carpenters & Joiners of Am., 126 F.R.D. 422 (D. Mass. 1989); Cody v. Marriott Corp., 103 F.R.D. 421

(D. Mass. 1984).  The Court accordingly does not find that Polo's mental condition has been placed in controversy.  Thus, defendant's motion for an IME is **DENIED** as to plaintiff Polo.

### 2. Good cause exists to order the IME for Flores

To establish that "good cause" exists for an IME, the movant must offer specific facts justifying the discovery.  Fed. R. Civ. P. 35(a); Schlagenhauf, 379 U.S. at 118.  "'Good cause' requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case." Ornelas v. S. Tire Mart, LLC, 292 F.R.D. 388, 391 (S.D. Tex. 2013).  Factors relevant to a finding of good cause include "the possibility of obtaining the desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." Gavin v. Hilton Worldwide, Inc., 291 F.R.D. 161, 165 (N.D. Cal. 2013) (internal citation and quotations omitted).

Because the Court does not find that plaintiff Polo has placed his mental condition in controversy, the Court only considers whether good cause exists as to plaintiff Flores.  Three of the four listed relevant factors weigh in favor of finding that good cause exists for an IME for plaintiff Flores.  First, in her discovery responses, Flores stated that she has not received psychological or psychiatric treatment (Docket No. 21 at p. 6);

Civil No. 13-1391 (FAB)                                                7

thus, information regarding her mental condition is not discoverable through means other than a mental examination. Second, because, as explained above, Flores enumerates several specific mental conditions constituting "serious physical and emotional injury," (Docket No. 7-1 at ¶ 13), an IME is relevant to assessing the validity and extent of her damages allegations. Third, Flores claims that she continues to suffer serious emotional injury. Id. Though plaintiff has not indicated any plans to prove her claim through exert witness testimony, "courts have found that a defendant should not be compelled to limit its case to mere cross examination." Ornelas, 292 F.R.D. at 392 (citing cases). Given these factors, the Court finds that defendant has shown that good cause exists to order an IME for plaintiff Flores.

**II.  Conclusion**

For the reasons articulated above, plaintiffs' motion for a protective order (Docket No. 20) is **DENIED**. Defendant's Rule 35 motion for an independent medical examination (Docket No. 21) is **GRANTED** as to plaintiff Flores, but **DENIED** as to plaintiff Polo. Flores is **ORDERED** to appear at the scheduled examinations currently scheduled for the following dates:

1. June 13, 2014, from 11:00 a.m. to 1:00 p.m.;
2. June 16, 2014, from 4:00 p.m. to 6:00 p.m.; and
3. June 25, 2014, from 3:00 p.m. to 5:00 p.m.

Civil No. 13-1391 (FAB)                                                                                              8

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 11, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE