**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WANDA FLORES-FEBUS, *et al.*, | |
| **Plaintiffs**, | |
| **v.** | **CIVIL NO.** 13-1391 (FAB) |
| MVM, INC., *et al.*, | |
| **Defendants**. | |

**MEMORANDUM & ORDER**

BESOSA, District Judge.

Before the Court is defendant MVM, Inc. ("MVM")'s motion for summary judgment (Docket No. 49), which the Court **GRANTS** for the reasons articulated below.[1]

**I.    Summary Judgment Standard**

Summary judgment serves to assess the evidence and determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). The Court may enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it has the potential to "affect the suit's outcome." Cortes-Irizarry v. Corporacion Insular de Seguros, 111 F.3d 184, 187 (1st Cir.

---

[1] Also pending before the Court is a motion to strike filed by plaintiffs Wanda Flores-Febus ("Flores") and Antonio Polo-Diaz ("Polo"). (Docket No. 85.) Because the Court dismisses plaintiffs' complaint on judicial estoppel grounds, it does not consider the exhibits that plaintiffs seek to strike. Accordingly, the motion to strike is **DENIED** as moot.

Civil No. 13-1391 (FAB)                                            2

1997).  A dispute is "genuine" when it "could be resolved in favor

of either party."  Calero-Cerezo v. U.S. Dep't. of Justice, 355

F.3d 6, 19 (1st Cir. 2004).  The party moving for summary judgment

has the initial burden of "demonstrat[ing] the absence of a genuine

issue of material fact" with definite and competent evidence.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Maldonado-Denis

v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  It must

identify "portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the

affidavits, if any'" which support its motion.  Celotex, 477 U.S.

at 323 (citing Fed. R. Civ. P. 56(c)).  Once a properly supported

motion has been presented, the burden shifts to the non-moving

party "to demonstrate that a trier of fact reasonably could find in

[its] favor."  Santiago-Ramos v. Centennial P.R. Wireless Corp.,

217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted).  In

making this assessment, the Court must construe the entire record

in the light most favorable to the non-moving party and draw all

reasonable inferences in its favor.  Farmers Ins. Exch. v. RNK,

Inc., 632 F.3d 777, 779-80 (1st Cir. 2011).

## II.  Material Facts

On April 12, 2013, plaintiffs filed suit against MVM in the

Puerto Rico Court of First Instance alleging gender- and pregnancy-

based employment discrimination and retaliation in violation of

Puerto Rico Laws 100, 69, 3, and 115 (P.R. Laws Ann. tit. 29

Civil No. 13-1391 (FAB)                                                        3

§§ 147, 1321, 469, & 194), and seeking general damages pursuant to article 1802 of the Puerto Rico Civil Code (P.R. Laws Ann. tit. 31 § 5141).   (Docket No. 1-3, translation at Docket No. 7-1.)   MVM removed the case to this Court on May 17, 2013, based on diversity jurisdiction, 28 U.S.C. § 1332.   (Docket No. 1.)

The parties do not dispute the following facts, which the Court construes in the light most favorable to plaintiffs' claims. See Farmers Ins. Exch., 632 F.3d at 779-80.   On August 14, 2012, Flores filed a charge against MVM before the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 49-35.) On January 31, 2013, Flores filed for Chapter 13 bankruptcy before the United States Bankruptcy Court for the District of Puerto Rico.   (Docket No. 49-36.)   Flores did not include her EEOC claim against MVM in the schedules attached to her bankruptcy petition. (Docket No. 49-37.)   On April 9, 2013, the bankruptcy court confirmed Flores's bankruptcy plan.  (Docket No. 49-39.)   Flores submitted an Amended Statement of Financial Affairs on August 29, 2013, and did not list her lawsuit against MVM.   (Docket No. 49-38).

**III. Discussion**

MVM advances three arguments in its motion for summary judgment.   (Docket No. 50.)   Because the Court grants summary judgment based on MVM's first argument — judicial estoppel — it declines to address the remaining grounds.

Civil No. 13-1391 (FAB)                                                    4

### A.    Judicial Estoppel and Choice of Law

Because Flores failed to include her claims against MVM in her bankruptcy schedules, MVM contends that she is judicially estopped from pursuing the claims here.  (Docket No. 50 at pp. 7-10.)  Plaintiffs do not contest that Flores did not include her claims against MVM as part of her bankruptcy estate, nor do they advance any reasons that would explain her failure to do so. (Docket No. 70.)  Instead, plaintiffs argue that because the Court has diversity jurisdiction over this case, and because questions of judicial estoppel are substantive in nature, the Court must apply Puerto Rico law to determine whether judicial estoppel applies. Plaintiffs also argue that judicial estoppel should not be applied in cases involving Chapter 13, rather than Chapter 7, bankruptcy proceedings, citing an order of the Puerto Rico Supreme Court.  Id. at p. 15 (citing Corraliza v. Banco de Desarrollo Economico, 153 D.P.R. 161 (2001)).

Civil No. 13-1391 (FAB)                                                    5

        The Court is unpersuaded by plaintiffs' argument for two

reasons.[2]  First, Corraliza, which plaintiffs rely on, is a Puerto

Rico Supreme Court order, not an opinion.   Puerto Rico Supreme

Court orders carries persuasive, but not precedential, weight. See

Calderon-Ortega v. United States, 753 F.3d 250, 254 n.3 (1st Cir.

2014) ("[E]ven though a judgment of the Puerto Rico Supreme Court

(as opposed to an opinion) does not constitute binding authority,

its rationale nonetheless may have intrinsically persuasive force

and may be relied upon to that extent.") (citing Rivera Maldonado

v. Estado Libre Asociado, 19 P.R. Offic. Trans. 88, 95 (1987)).

Thus, plaintiffs offer no binding support for their position that

Puerto Rico law governs.

        Second, while the First Circuit Court of Appeals has not

ruled specifically on the issue, every other federal appellate

---

   [2] To the extent plaintiffs argue that judicial estoppel
applies in Chapter 7 but not Chapter 13 bankruptcies, the Court is
unpersuaded.  Rather, the Court adopts the reasoning of federal
appellate courts that have expressly addressed the question,
holding that the doctrine applies equally to Chapter 13
bankruptcies "because the need for complete and honest disclosure
exists in all types of bankruptcies." De Leon v. Comcar Indus.,
Inc., 321 F.3d 1289, 1291 (11th Cir. 2003). See also Love v. Tyson
Foods, Inc., 677 F.3d 258 (5th Cir. 2012) (affirming dismissal of
suit based on judicial estoppel where Chapter 13 debtor failed to
include EEOC claim in bankruptcy schedules); Robinson v. Tyson
Foods, Inc., 595 F.3d 1269 (11th Cir. 2010) (applying judicial
estoppel to dismiss claims where plaintiff failed to list
previously filed EEOC claim on Chapter 13 bankruptcy schedules);
Lewis v. Weyerhaeuser Co., 141 F. App'x. 420 (6th Cir. 2005)
(judicial estoppel applied to bar former employee from pursuing
Title VII claims against former employer where former employee
failed to disclose cause of action in Chapter 13 bankruptcy case).

court to have considered the question has held that the application of judicial estoppel in diversity cases implicates a "strong federal policy" warranting reference to federal, rather than state, principles.  Eastman v. Union Pac. R.R. Co., 493 F.3d 1151, 1156 (10th Cir. 2007) (applying federal principles of judicial estoppel to plaintiff's supplemental state law claims); Hall v. GE Plastic Pac. PTE Ltd., 327 F.3d 391, 395 (5th Cir. 2003) (holding pursuant to Erie R.R. v. Tompkins, 304 U.S. 64 (1938), that federal principles of judicial estoppel apply in diversity cases); G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 261 (3d Cir. 2009) (same); Ogden Martin Sys. of Indianapolis v. Whitting Corp., 179 F.3d 523, 527 n.1 (7th Cir. 1999) (same); Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 603-04 (9th Cir. 1996) (same); Guinness PLC v. Ward, 955 F.2d 875, 899 n.20 (4th Cir. 1992) (same); Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 n.4 (6th Cir. 1982) (same).  Similarly, the First Circuit Court of Appeals has assumed, based on the parties' briefings, that federal law governs the application of judicial estoppel, see Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010); Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32 (1st Cir. 2004), and has noted that the court "would likely reach this same conclusion even without the parties' acquiescent behavior."  Alt. Sys. Concepts, 374 F.3d at 32.  The court of appeals explained that federal courts have long been permitted to "bypass conflicting state rules of decision

Civil No. 13-1391 (FAB)                                           7

in favor of federal standards when positive considerations, such as
the presence of a strong federal policy, militate in favor of
employing federal standards."   Id. (internal citation omitted).
Those considerations are present in cases, such as this one, where
"both the putatively estopping conduct and the putatively estopped
conduct occur in a federal case."   Id.   Thus, in keeping with the
weight of federal precedent and *dicta* on this issue, the Court
holds that federal standards govern the application of judicial
estoppel in diversity cases.

   **B.   Application**

        Judicial estoppel is an equitable doctrine that "operates
to prevent a litigant from taking a litigation position that is
inconsistent with a litigation position successfully asserted by
[him or her] in an earlier phase of the same case or in an earlier
court proceeding."   Perry, 629 F.3d at 8 (citing Global NAPs, Inc.
v. Verizon New Eng., Inc., 603 F.3d 71, 91 (1st Cir. 2010)).   The
doctrine serves to protect the integrity of the judicial process
and prevent litigants from playing "fast and loose with the
courts."   Perry, 629 F.3d at 8 (internal citations omitted).   While
there is no mechanical test for determining the doctrine's
applicability, courts widely agree that, "at a minimum, two
conditions must be satisfied before judicial estoppel can attach."
Alt. Sys. Concepts, 374 F.3d at 33.   First, the two positions taken
by the litigant must be directly inconsistent with one another.

Id.  Second, the party against whom estoppel is sought must have successfully persuaded a court to accept its earlier position.  Id. (internal citations omitted).  Courts frequently consider, but do not require, a third factor:  whether the party asserting the inconsistent positions could derive an unfair advantage if not estopped.  Id.

Here, both elements of judicial estoppel are met.  First, Flores asserted a position in bankruptcy court — she was not a party to any lawsuit or administrative proceeding within the year preceding the filing of her amended financial statement (Docket No. 49-38 at p. 3) — that is directly inconsistent with the existence of her current claims against MVM.  Pursuant to the rules governing the bankruptcy proceeding, Flores had an obligation to disclose all assets, including legal claims and potential claims, to the bankruptcy court.  11 U.S.C. §§ 521(a), 541(a)(7).  See also Guay v. Burack, 677 F.3d 10, 17 (1st Cir. 2012) (quoting Moses v. Howard Univ. Hosp., 606 F.3d 789, 793 (D.C. Cir. 2010) ("[A] debtor is under a duty both to disclose the existence of pending lawsuits when [he or she] files a petition in bankruptcy and to amend [his or her] petition if the circumstances change during the course of the bankruptcy.")).  At the time Flores filed for bankruptcy on January 31, 2013, her EEOC claim against MVM had been pending for over five months.  Yet Flores did not disclose her claim on her initial bankruptcy schedules.  (Docket No. 49-37 at p. 2.)  Three

days after Flores's bankruptcy plan was confirmed by the bankruptcy court on April 9, 2013, she filed this action against MVM.  Again, Flores failed to amend her bankruptcy schedules to reflect the pending lawsuit.  Flores had a chance to do so on August 29, 2013, when Flores submitted an Amended Statement of Financial Affairs that specifically sought disclosure of all "[s]uits and administrative proceedings, executions, garnishments and attachments" to which she was or had been a party within one year preceding the filing of the bankruptcy case.  (Docket No. 49-38 at p. 3.)  Flores included information regarding an eviction and a debt collection proceeding responsive to that question, but she did not include her pending lawsuit against MVM.  Id.  To date, Flores has not amended her bankruptcy schedules to include this pending lawsuit.  Flores's bankruptcy schedules are plainly inconsistent with her current claims against MVM.  Flores represented to the bankruptcy court that she had no pending or potential legal claims, while pursuing first administrative and then legal claims against MVM.  "These actions, both taken under oath, are clearly inconsistent."  Guay, 677 F.3d at 18 (quoting Robinson, 595 F.3d at 1275).

        As to the second element, when a bankruptcy court grants a debtor relief or adopts a bankruptcy plan, it "accepts" a litigant's position "taken in the form of omissions from bankruptcy schedules."  Guay, 677 F.3d at 18.  When the bankruptcy court

confirmed Flores's plan on April 9, 2013, it accepted her disclosures and omissions — namely, that she had no pending or potential claims against MVM.

Having determined that the two elements required for the application of judicial estoppel are met here, the Court now turns to the informal element of unfair advantage.  The Court considers this factor in light of the advantage the litigant may have gained in either the bankruptcy court or this Court.  See Guay, 677 F.3d at 19.  The First Circuit Court of Appeals has noted that "[a] long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his [or her] interests and property rights."  Payless Wholesale Distrib., Inc. v. Alberto Culver, Inc., 989 F.2d 570, 571 (1st Cir. 1993) (quoting Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3d Cir. 1988)).  Flores's failure to disclose her claims against MVM decreased her bankruptcy estate and therefore bestowed an unfair advantage upon her before the bankruptcy court.  As a result, the Court finds that this last informal element also favors application of judicial estoppel in this case.

For these reasons, plaintiffs are judicially estopped from bringing claims against MVM that Flores failed to disclose in her prior bankruptcy proceeding.

## IV.  Conclusion

For  the  reasons  articulated  above,  the  Court  **GRANTS**  MVM's motion  for  summary  judgment  on  judicial  estoppel  grounds  (Docket No.  49);  plaintiffs'  action  is  **DISMISSED WITH PREJUDICE.**   Judgment shall  be  entered  accordingly.

The  Pretrial  Conference  and  Evidentiary  Hearing  scheduled  for September  26,  2014  and  the  trial  scheduled  to  commence  on October  14,  2014  are  set  aside.

**IT IS SO ORDERED.**

San  Juan,  Puerto  Rico,  September  23,  2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE